UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD ODOM, JR.                          CIVIL ACTION

VERSUS                                    NUMBER: 12-0875

LYNN COOPER, WARDEN                       SECTION: "A"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Edward Odom, Jr., the State's response, and Odom's traverse. (Rec. docs. 3, 8, 10). The case was reassigned to this Court. (Rec. doc. 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

Petitioner Odom is a state prisoner who is presently incarcerated in Avoyelles Correctional Center in Cottonport, Louisiana. On June 6, 2006, a bill of information was filed

charging petitioner with possession with intent to distribute cocaine in violation of La. Rev. Stat. art. 40:967(A)(1).[1] Following a trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, petitioner was found guilty as charged.[2] Petitioner was subsequently found to be a third felony offender and sentenced to 20 years incarceration at hard labor.[3] On September 14, 2007, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction, habitual offender adjudication and sentence. State v. Odom, No. 2007-KA-0702, 962 So.2d 1232 (Table), 2007 WL 2684869 (La. App. 1st Cir. 9/14/07); St. Rec. Vol. 3 of 4. Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, petitioner had thirty days from September 14, 2007, until October 15, 2007, in which to timely seek writs from the Louisiana Supreme Court. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).[4]   However, as evidenced by

---

[1]St. Rec. Vol. 1 of 4, p. 26.

[2]St. Rec. Vol. 1 of 4, p. 62.

[3]St. Rec. Vol. 1 of 4, p. 118.

[4]The thirtieth day of this period actually fell on October 14, 2007. However, because the 14th fell on a Sunday, the deadline was extended to Monday, October 15, 2007. See La. Code Crim. P. art. 5059 (in computing a period of time allowed or proscribed under state law, the last day is to be included unless it is a legal holiday, in which event the period runs until the end of the next day which is not a holiday). Sundays are considered legal holidays. See La. Rev. Stat. Section 1:55.

petitioner's signature date, petitioner's writ application, No. 2007-KH-2200, to the Louisiana Supreme Court was not mailed until October 20, 2007, five days after his October 15, 2007 deadline.[5] That application was denied on August 29, 2008. <u>State ex rel. Odom v. State</u>, No. 2007-KH-2200, 989 So.2d 94 (La. 2008); St. Rec. Vol. 4 of 4. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On May 28, 2009, petitioner filed an application for post-conviction relief with the state district court.[6] His application was denied by the state district court on June 26, 2009.[7] On July 27, 2009, petitioner filed a writ application with the Louisiana First Circuit.[8] On October 27, 2009, the state appellate court denied review based upon petitioner's failure to include pertinent

---

[5]St. Rec. Vol. 4 of 4. In <u>Causey v. Cain</u>, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule," the date a <u>pro se</u> prisoner's pleading is provided to prison officials for mailing is the date it is considered filed. <u>See Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing. <u>See Colarte v. Leblanc</u>, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

[6]St. Rec. Vol. 3 of 4.

[7]St. Rec. Vol. 3 of 4.

[8]St. Rec. Vol. 3 of 4.

portions of the district court record which would enable review. State v. Odom, No. 2009-KW-1398 (La. App. 1st Cir. 10/27/09); (St. Rec. Vol. 3 of 4).  On November 2, 2009, petitioner, attaching the pertinent district court documents, filed a second writ application with the Louisiana First Circuit.[9]  On December 30, 2009, the state appellate court denied petitioner's writ application.  State v. Odom, No. 2009-KW-2068 (La. App. 1st Cir. 12/30/09); St. Rec. Vol. 4 of 4.  The Louisiana Supreme Court, on February 10, 2012, again denied a writ application from petitioner, this time refusing to review the denial of post-conviction relief.  State ex rel. Odom v. State, No. 2011-KH-0357, 80 So.2d 474 (La. 2012); St. Rec. Vol. 4 of 4.

On March 27, 2012, petitioner filed the instant habeas corpus application.  In his habeas application, petitioner raises the following claims:  1) He was denied his right to testify; 2) Trial court erred in allowing Captain Barney Tyrney to testify regarding whether or not the discovered drugs were for personal use; and, 3) He received ineffective assistance of counsel.

**ANALYSIS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-

---

[9]St. Rec. Vol. 4 of 4.

4

132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like petitioner have one year from the date that their convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner's conviction, habitual offender adjudication and sentence became final on October 15, 2007, when his time for seeking relief from the state appellate court's September 14, 2007 adverse decision expired.  Butler, 533 F.3d at 316-318.  Under §2244(d), petitioner thus had until October 15, 2008 within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review. Petitioner, however, did not file his first application for state post-conviction relief until May 28, 2009, over seven months after his one-year prescriptive period had expired.  As petitioner had no qualifying proceedings under §2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became

final, his petition is time-barred absent a basis for equitable tolling.[10]

Equitable tolling is justified only in "'rare and exceptional circumstances.'" Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000), citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief. Coleman, 184 F.3d at 403.

Petitioner argues that due to his pro se status and ignorance of the law, he was dependent upon the assistance of inmate counsel.

---

[10]As the Fifth Circuit explained in Butler, 533 F.3d at 318, the time, October 20, 2007 to August 29, 2008, during which petitioner's late Louisiana Supreme Court writ application, No. 2007-KH-2200, was pending, does not toll prescription as the application was on direct review, rather than post-conviction or other collateral review as required under the tolling provisions of Section 2244(d)(2).

Petitioner contends that pro se filings should be held to "less stringent" standards than filings by counsel.[11]   Neither petitioner's pro se status nor his ignorance of the law constitute exceptional circumstances justifying the application of equitable tolling.   <u>Felder</u>, 204 F.3d at 171.   Nor does a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merit invocation of the doctrine.   <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 1007 1999)(citing <u>Barrow v. New Orleans S.S. Ass'n.</u>, 932 F.2d 473, 478 (5th Cir.1991)).

Petitioner also argues that the Louisiana Supreme Court considered the merits of his late writ application and, therefore, this Court should consider the merits of his federal petition.[12] Petitioner's argument has been soundly rejected by the United States Fifth Circuit Court of Appeals.

In this case, as in <u>Butler</u>, the Louisiana Supreme Court's order denying petitioner's writ application consisted of only one word: "denied."   <u>See</u> <u>State ex rel. Odom v. State</u>, 989 So.2d 94 (La. 2008).   The <u>Butler</u> court concluded that the Louisiana Supreme Court, by virtue of its one-word opinion, determined Butler's writ

---

[11]Rec. Doc. No. 10, p. 1.

[12]Rec. Doc. No. 10, p. 1.

application to be untimely.  The Fifth Circuit reasoned:

> [T]he Louisiana Supreme Court would have violated its own
> rule if it had considered Butler's petition on the
> merits.  A Louisiana Supreme Court rule requires that an
> "application seeking to review a judgment of the court of
> appeals," must be filed within thirty days; it specifies
> that "[n]o extension of time therefor will be granted."
> La. Sup.Ct. R. X, § 5(a).

Butler, 533 F.3d at 319.

Based upon the above, the Court finds that petitioner is not entitled to any equitable tolling and the instant action is untimely.[13]  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served  with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[13]In light of the Court's finding of untimeliness, there is no need to address the State's argument that petitioner has failed to exhaust his state court remedies.

8

consequences will result from a failure to object.  <u>Douglass v.</u>

<u>United Services Auto. Ass'n</u>, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this <u>5th</u> day of <u>April</u>, 2013.


ALMA L. CHASEZ

United States Magistrate Judge